IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Ernest Dwight Perry,                    )
                                        )        C/A No. 5:10-2346-TMC
                Petitioner,             )
                                        )
v.                                      )        **OPINION & ORDER**
                                        )
                                        )
Warden Broad River Correctional        )
Institution,                           )
                                        )
                Respondent.             )
_____ )

Petitioner Ernest Dwight Perry ("Petitioner"), a state prisoner proceeding *pro se*,

filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on

September 2, 2010, raising numerous grounds for relief. (Dkt. # 1).[1] On March 30, 2011,

Respondent filed a Motion for Summary Judgment. (Dkt. # 18). Because Petitioner is

proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528

F.2d 309 (4th Cir. 1975), on March 31, 2011, advising Petitioner of the motion for

summary judgment procedures and the possible consequences if he failed to

adequately respond. (Dkt. # 20). Petitioner thereafter timely filed responses in

opposition to Respondent's Summary Judgment Motion. (Dkt. # 22 and 23).[2]

**Facts**

The following underlying facts in this case were set forth by the South Carolina

_____

[1]While there is no prison mailroom date stamp, the court notes that the petition
was signed and dated September 2, 2010. Accordingly, the court will treat Petitioner's §
2254 Petition as having been filed on the date it was signed – September 2, 2010. *See
Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed
at the moment of delivery to prison authorities for forwarding to district court).

[2]The court notes that Petitioner's first response was unsigned. (Dkt. # 22).

Court of Appeals in Petitioner's direct appeal:

> On July 21, 2000, the Newberry County Sheriff's Office conducted an eradication flight over different areas of the county in an attempt to locate marijuana. During this flight, Investigator Wesley Boland spotted eight to ten plots of what appeared to be marijuana growing near Prosperity. He also saw hoses running through the woods to each of the plots. The hoses ran from a pump house behind Perry's residence. Officers with the Newberry County Sheriff's Department and the Newberry Police Department approached the house and found Perry at the pump house. Based on their investigation, the officers arrested Perry. As Officer Lawson was attempting to get Perry into the police car, Perry became belligerent and kicked Lawson in the right shin.

> Subsequently, the officers obtained a search warrant and executed it on Perry's house and property. The water hoses from the pump house led to fourteen different plots on the adjacent property. Officer Robert Dennis testified he recovered several bags of marijuana from inside the house. Wayne Nichols owned the property where all the plants were growing. However, he testified he knew nothing about the marijuana and had not given Perry permission to grow marijuana on his property. While conducting the search of the property, the officers pulled up 456 marijuana plants. During the search, the officers inventoried, tagged, and processed the plants for future testing. Shortly thereafter, the officers transported the plants to a secure location.

> At trial, Investigator Max Pickelsimer was qualified as an expert to analyze marijuana. He testified that he received 456 stalks of marijuana and analyzed thirty-four of the stalks. He explained the stalks were wet when they were bundled together and, as a result, they became stuck together as they dried. In attempting to separate them, he was able to get thirty-four plants that were strong enough to analyze, and that all thirty-four plants tested positive for marijuana.

*State v. Perry*, 595 S.E.2d 883, 884-85 (S.C.App. 2004).

## Procedural History

In September 2000, Petitioner was indicted for assaulting an officer while

resisting arrest. In January 2002, Petitioner was also indicted for trafficking in marijuana, manufacturing marijuana, and cultivating marijuana on land of another.  (App. 472). Petitioner was represented by Public Defender William Pyatt.  On January 15, 2002, he was tried on all four charges before a jury with the Honorable James W. Johnson, Jr., presiding.  Petitioner was convicted of resisting arrest, trafficking in marijuana, manufacturing marijuana, and cultivating marijuana on land of another.  (App. 285). Judge Johnson sentenced Petitioner to twenty-five years for the trafficking in marijuana charge, five years for the manufacturing marijuana charge, and five years for the charge of entering on another's land for the purpose of cultivating marijuana, all to run concurrently, and one year for the resisting arrest charge to run consecutively. (App. 290-91).

Petitioner timely filed a direct appeal.  Petitioner, who was represented by Senior Assistant Appellate Defender Wanda H. Haile on appeal, raised the following issues, quoted verbatim:

> I. The lower court erred in denying appellant's motion for a directed verdict of acquittal on the charge of trafficking in marijuana;
>
> II. The lower court erred in denying appellant's motion to require the state to elect to prosecute on either the offense of manufacturing marijuana or the offense of manufacturing marijuana on the land of another;
>
> III. The lower court erred in denying appellant's motion for a directed verdict of acquitting on the charge of manufacturing marijuana;
>
> IV. The lower court's denial of appellant's motion to require the state to elect resulted in double jeopardy violation in the case; and
>
> V. The lower court erred in denying appellant's motion to quash the indictment charging him with assault on a police officer while resisting arrest.

(App. 297).    On April 26, 2004, the South Carolina Court of Appeals affirmed in a

published opinion, *State v. Perry*, 595 S.E.2d 883.  (App. 337-349). On May 13, 2004, the remittitur was sent down. (App. 350).

On April 19, 2005, Petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief: 1) subject matter jurisdiction; 2) double jeopardy; and 3) ineffective assistance of trial and appellate counsel.  (App. 353). On December 5, 2005, Petitioner filed a pro se amendment to his PCR application raising the following grounds for relief, quoted verbatim:

A) Was applicant denied a fair trial by the introduction of evidence seized in violation of the Fourth Amendment?

B) Was appellate counsel ineffective in failing to argue a Fourth Amendment violation on Direct Appeal?

C) Was applicant denied a fair trial by the introduction of evidence that had not been established by a complete chain of custody?

D) Was appellate counsel ineffective in failing to present on Direct Appeal the issue of a Chain of Custody break in this case?

E) Was appellate counsel ineffective in failing to present on Direct Appeal the jury's viewing of the evidence outside the courtroom?

F) Was defense counsel ineffective in failing to argue the Miranda violation in this case to the trial court?

G) Was defense counsel ineffective in failing to call or subpoena two vital witnesses to the trial of this case?

H) Was defense counsel ineffective in failing to object to the Court's jury charge?

I) Was defense counsel ineffective in failing to object to the State's bolstering of the case in closing argument?

(App. 366). On April 2, 2008, an evidentiary hearing before the Honorable J. Ernest Kinard, Jr. (App. 398).  Petitioner was represented by Gwendlyne Y. Smalls. (App. 398). Following the hearing, the PCR court issued an order dismissing Petitioner's claims.

4

(App. 456-70).  Petitioner did not file a Rule 59(e) motion.

Petitioner timely appealed the denial of PCR.  Petitioner was represented by Elizabeth Franklin-Best.  Franklin-Best filed a *Johnson* petition for writ of certiorari arguing  trial counsel rendered ineffective assistance of counsel when he did not object to repeated instances of inappropriate remarks made by the state. (Return Attach. # 10- *Johnson* Petition for Writ of Cert.).  Petitioner filed a pro se brief arguing the PCR court erred in dismissing all of his claims for relief. Specifically, Petitioner's raised the following issues: A) Ineffective Assistance of Defense Counsel; B) Failure to Supply Transcript and Address All Issues; C) Law Analysis/ Ineffective Assistance of Counsel D) Ineffective Assistance of Appellate Counsel.  (Return Attach. # 12 - Pet'r's Pro se Brief).

On August 19, 2010, the South carolina Supreme Court denied Petitioner's petition for a writ of certiorari and counsel's motion to withdraw was granted. (Return Attach. # 13). On September 9, 2010, the remittitur was sent down.  (Return Attach. # 14).

Petitioner filed this federal habeas action on September 2, 2010, raising the following general grounds for relief: 1) Subject Matter Jurisdiction; 2) Double Jeopardy; 3) Ineffective Assistance of Appellate Counsel; and 4) Ineffective Assistance of Trial Counsel.  (Dkt. # 1- Habeas Pet.). In his memorandum, Petitioner asserts the following specific grounds for relief, quoted verbatim:

A) Did the Trial Court lack subject matter jurisdiction to try defendant for trafficking in marijuana due to the indictment failing to charge an offense?

B) Did the trial court lack subject matter jurisdiction due to a flaw in the indictment?

C) Did the trial Court lack subject matter jurisdiction due to a fatal variance between the proof at trial and the allegations within the body of the indictment?

D) Did the non-sufficiency of the indictment invoke the Fifth Amendment Double Jeopardy Clause?

E) Was Double Jeopardy violated by Count One and Count Two of the indictment placed against him by the State in this case at trial?

F) Was applicant denied a fair trial by the introduction of evidence seized in violation of the Fourth Amendment?

G) Was appellate counsel ineffective in failing to argue a Fourth Amendment violation on Direct Appeal?

H) Was applicant denied a fair trial by the introduction of evidence that had not been established by a complete chain of custody?

I) Was appellate counsel ineffective in failing to present on Direct Appeal, the issue of a chain of custody break in this case?

J) Was appellate counsel ineffective in failing to present on direct appeal the jury's viewing of evidence outside the Courtroom?

K) Was defense counsel ineffective in failing to argue the Miranda violation in this case to the trial Court?

L) Was defense counsel ineffective in failing to call or subpoena two vital witnesses to the trial of this case?

M) Was defense counsel ineffective in failing to object to the Court's jury charge?

N) Was defense counsel ineffective in failing to object to the State's bolstering of the case in closing argument?

(Dkt. # 1- Hab. Pet. Attach. #1).

## Applicable Law

**Summary Judgment Standard**

The court shall grant summary judgment "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more,

7

are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

8

incorrectly.  Rather, that application must also be unreasonable." *Id.* at 410.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*quoting Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. *Id.* at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  *See id.* at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 786. "If this standard is difficult to meet, that is because it was meant to be."  *Id.* Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* (*quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

## EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a

similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal.  SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.  *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim.  Where a

12

petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

13

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## Discussion

### 1) Procedurally Barred Grounds

As an initial matter, Respondent contends that Grounds A-J are procedurally barred. Specifically, Respondent argues that Grounds A-E were not raised at trial; Grounds F and H were not raised on direct appeal; and Grounds G, I, and J were not addressed by the PCR Court in its order and Petitioner failed to file a Rule 59(e) motion. Thus, Respondent contends these grounds are procedurally barred from consideration. Upon review of the record, the court agrees. Additionally, the court finds that part of Ground M is also procedurally barred.

Petitioner did not raise Grounds A-E at trial. Therefore, these issues were not preserved for direct appeal. *Mizell v. Glover*, 570 S.E.2d 176, 180 (S.C. 2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."). Further, these issues were not raised on direct appeal. While Petitioner arguably raised these issues in his PCR application when he raised subject matter jurisdiction as a ground for relief, the PCR court did not rule on these issues as freestanding claims. *See Drayton v. Evatt*, 430 S.E.2d 517 (S.C.1993)

14

("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Therefore, these claims are procedurally barred from consideration in a federal habeas petition.[3]

Petitioner did not raise Grounds F and H on direct appeal. As Petitioner could have raised these allegations on direct appeal, he cannot assert these issues for the first time in this federal habeas petition. *Murray v. Carrier*, 477 U.S. 478 (1986).

Grounds G, I, J, and a part of Ground M were not addressed by the PCR court in its order denying Petitioner PCR and Petitioner did not seek a ruling by filing a Rule 59(e) motion.[4] Under state court procedure, the state supreme court has held that such

---

[3]To the extent that Petitioner argues that these issues raise subject matter jurisdiction and such issues can be raised at any time, the court notes that the South Carolina Supreme Court has abandoned the view that a defective or insufficient indictment is a question of subject matter jurisdiction that can be raised at any time. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005).

[4]In Ground M, Petitioner contends that trial counsel was ineffective for failing to object to the jury charge on several grounds, one of which involves the instruction on the trafficking marijuana statute. Specifically, he alleges the trial court failed to instruct the jury that trafficking marijuana involves ten pounds or more of marijuana as set forth in S.C. Code Ann. 44-53-370(e)(1). (Pet'r's Mem. Opp. Summ. J. Mot. at 29). He also contends that trial counsel was ineffective for failing to object to the trial court's failure to instruct the jury that manufacturing marijuana was a lesser included offense of trafficking marijuana. *Id.* at 32.

Section 44-53-370(e) provides:

Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of:

(1) ten pounds or more of marijuana is guilty of a felony which is known as "trafficking in marijuana" and, upon conviction, must be punished as follows if the quantity involved is:

issues are not preserved for consideration on appeal.  *Marlar v. State*, 653 S.E.2d 266 (S.C.2007).[5] Therefore, to the extent that these grounds were not raised at trial, on direct appeal, or on PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Moreover, as discussed below, Petitioner has not shown sufficient cause and prejudice to overcome this default.

---

(a) ten pounds or more, but less than one hundred pounds:

(b) one hundred pounds or more, but less than two thousand pounds, or one hundred to one thousand marijuana plants regardless of weight, a mandatory term of imprisonment of twenty-five years, no part of which may be suspended nor probation granted, and a fine of twenty-five thousand dollars . . .

The trial court read the first paragraph of § 44-53-370 and then he read subsection (1)(b). (App. 267).  He did not include the part of subsection (1) which states that there must be ten pounds or more of marijuana involved to constitute trafficking. (App. 267). Rather, the trial court read the subsections which set forth the appropriate penalties depending on the weight of the marijuana. However, as stated herein, the PCR court did not rule on these issues.  In regard to jury instructions, the PCR court ruled only on the offense of cultivating marijuana on another's land and resisting arrest (App. 460-61) and Petitioner did not file a Rule 59(e) motion.  Accordingly, these issues are procedurally barred.

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Here, however, the PCR court filed its order dismissing Petitioner's PCR application on August 19, 2008, well after the South Carolina Supreme Court had issued its opinion in *Marlar*. Thus, Petitioner's failure to file a Rule 59(e) motion regarding the claims he now raises serves as a procedural bar.

**Cause and Prejudice**

Procedurally defaulted claims can be reviewed by a federal habeas court if the petitioner demonstrates cause and prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Here, Petitioner has not shown sufficient cause and prejudice to excuse the default of Issues A-J and part of ground M or a fundamental miscarriage of justice.

A claim of ineffective assistance of counsel asserted as cause for failing to exhaust claims generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. at 489. Petitioner did raise claims of ineffective assistance of appellate counsel, however, the PCR court did not rule on these specific claims and Petitioner failed to file a Rule 59(e) motion. Therefore, this argument cannot be used as cause for his procedural default of any such unexhausted claims. *Tome v. Stickman*, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)("[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust.") (*citing Edwards*, 529 U.S. at 451–452). Accordingly, Petitioner has failed to show cause for his procedural default.

Alternatively, Petitioner must show a miscarriage of justice. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime of the crime for which he was convicted. To succeed on an actual innocence claim, a petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *Bousley v. United States*, 523 U.S. 614, 622

(1998)(actual innocence is defined as factual innocence, not legal innocence). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* A petitioner must establish that " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." *Id.* Petitioner argues he is actually innocent. (Pet'r's Mem. Opp. Summ. J. Mot. at 11). However, the court's review of the record does not support a showing of actual innocence. Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995), the Court of Appeals held that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir.1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, based on the foregoing, Petitioner's issues A-J and part of Issue M are dismissed as procedurally barred and the court will not discuss the merits of these claims.

**Remaining Grounds**

In Grounds K-N, Petitioner alleges his trial counsel was ineffective for failing to argue there was a *Miranda* violation; call or subpoena two vital witnesses; object to the court's jury charge; and object to the State's bolstering of the case in closing argument. The PCR court found that counsel's representation was not deficient nor prejudicial.

18

(App. 458-66). In making this determination, the PCR court found that Petitioner's testimony was not credible and trial counsel's testimony was credible.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United State Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id*. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364 (1993). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**Issue K - Failure to object on basis of *Miranda* violation**

Petitioner contends that trial counsel was ineffective for failing to move to exclude the "abusive spontaneous language" he directed at the arresting officers as this allowed the jury to consider Petitioner to be a person of bad character. Specifically, the PCR court held that there was no evidence that a *Miranda* violation had occurred and Petitioner failed to identify a statement he felt trial counsel should have moved to suppression.

In *Miranda v. Arizona*, the Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation

of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444 (1966). *Miranda* warnings are required only when the suspect is subject to "police interrogation while in custody." *Id.* at 477. "Custodial interrogation" refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* Further, *Miranda* explicitly states that statements "given freely and voluntarily without any compelling influences" are admissible. *Id.* at 478.

Here, the record does not contain evidence of any "compelling influences" that suggest Petitioner's statements were made involuntarily. Further, there is no allegation that the arresting officers interrogated Petitioner. Simply placing someone under arrest is not the functional equivalent of interrogation. "If it were, *Miranda's* prohibition against unwarned statements made in response to custodial interrogation would be transformed into a blanket prohibition against admission of any unwarned statements made in custody." *Jones v. Smith*, 244 F.Supp.2d 801, 810 (E.D.Mich. 2003). *Miranda* simply does not prohibit the admission of statements made in custody unless they are the product of interrogation or its functional equivalent. *See Rhode Island v. Innis,* 446 U.S. 291, 300 (1980) (affording no *Miranda* protection to statements given freely and voluntarily). Petitioner has not shown that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams v. Taylor*, 529 U.S. 362. Accordingly, this claim is without

20

merit and is dismissed.

### Issue L - Failure to call or subpoena two witnesses

Petitioner contends trial counsel was ineffective for failing to call the pilot and co-pilot of the helicopter who, along with Officer Boland, took part in the flyover when the marijuana was discovered. Petitioner questions, "Is there more than meets the eye here: perhaps something hidden by Officer Boland; or the state; or perhaps both?" (Pet'r's Mem. at 50).   However, as the PCR court found, Petitioner cannot show any prejudice when the witnesses did not testify at the PCR hearing.  Claims of ineffective assistance of counsel based on failure to investigate potential witness testimony must show that the witness would have been willing to testify and that the testimony would have created "reasonable doubt" as to the defendant's guilt. *Spencer v. Murray*, 18 F.3d 229, 233–34 (4th Cir.1994). "[Petitioner's] mere speculation what the witnesses' testimony would have been cannot, by itself, satisfy the applicant's burden of showing prejudice." *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1999) (*citing Glover v. State*, 458 S.E.2d 538, 540 (S.C. 1995)).  Further, failure to investigate a crucial witness may suggest ineffectiveness of counsel, but failure to investigate every single person mentioned by the defendant is not tantamount to ineffective assistance.  *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir.1998) (*quoting Gray v. Lucas*, 677 F.2d 1086, 1093 n. 5 (5th Cir.1982)).  Ultimately, Petitioner must show that their testimony would have been likely to alter the outcome of the trial.  *See Strickland*, 466 U.S. at 694 (1984). Petitioner has not done this.  Accordingly, Petitioner has not shown that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams v. Taylor*, 529 U.S. 362. Thus, this claim is without merit and is dismissed.

**Issue M - Failure to object to jury charge**

Petitioner contends that trial counsel was ineffective for failing to object to the jury charges on the offenses of manufacturing marijuana on the property of another and resisting arrest.[6] The PCR court found that the trial judge properly instructed the jury and that trial counsel was not deficient for failing to object.

Petitioner contends that the jury instruction concerning the charge of manufacturing marijuana on the property of another was improper because that specific law does not exist in South Carolina. Petitioner was charged with violating S.C. Code Ann. §16-11-617, which is entitled "Entry on another's land for the purposes of cultivating marijuana." The South Carolina Supreme Court has recognized the distinction between "cultivating" and "manufacturing" marijuana. *State v. Walker*, 562 S.E.2d 313, 314 n. 2 (S.C. 2002) (stating "[e]vidence sufficient to sustain a conviction for manufacturing marijuana may not always be sufficient to sustain a conviction for cultivating marijuana on the lands of another, even where there is no dispute the property belonged to someone other than the defendant").

"[N]ormally, instructions to the jury in state trials are purely matters of state law and procedure and it is only in circumstances where the instructions impugn

_____

[6]Petitioner now also argues that trial counsel should have objected to the trial court's failure to define cultivation and inform the jury of the difference between cultivating and manufacturing. (Pet'r's Mem. Opp. Summ. J. Mot. at 30; 31). The PCR court did not rule on this issue and Petitioner did not file a Rule 59 (e) motion. Accordingly, this issue is procedurally barred.

fundamental fairness or infringe upon specific constitutional protections that a federal question is presented." *Chance v. Garrison*, 537 F.2d 1212, 1215 (4th Cir.1976) (*citing Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960)).   When a Petitioner contests the jury charge in conjunction with an ineffective assistance of counsel claim, the Petitioner must satisfy the two-prong test of *Strickland*. However, jury instructions must be reviewed as a whole, not as isolated sentences.  *See Waine v. Sacchet*, 356 F.3d 510, 517 (4th Cir. 2004).

Reviewing the trial judge's instructions, the court notes that the trial court initially referred to this offense as "manufacturing on the lands of another."  (App. 273). However, he then read the statute and clearly stated that this section prohibited cultivating or attempting to cultivate marijuana on the land of another.  (App. 274). Therefore, at best, the trial court made an improper initial reference which he then corrected.  Reviewing the entirety of the instructions on this charge, the court finds the charge was not improper and counsel was not ineffective for failing to object to it.

Additionally, Petitioner contends that trial counsel was ineffective for failing to object to the jury instructions on resisting arrest.  Petitioner alleges the jury charge was improper because his arrest was illegal and a person has the right to resist unlawful arrest.  Reviewing the record, there is no evidence that Petitioner's arrest was illegal. Therefore, trial counsel was not ineffective for failing to object to this charge.

Petitioner has not shown that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding. *See Williams v. Taylor*, 529 U.S. 362.  Accordingly, this claim is without merit and is dismissed.

### Issue N – Failure to object to State's bolstering of case in closing argument

Petitioner contends trial counsel was ineffective for failing to object to the State's bolstering of witnesses during its closing arguments.  Petitioner contends trial counsel should have objected when the Solicitor stated in his closing that it was the jury's duty to provide justice and it would be wrong to allow the community to continue to assist Petitioner in his trafficking in marijuana.  The PCR court found that the State was not bolstering the witnesses' testimony, but rather was merely requesting the jury find Petitioner guilty and not allow the community to continue to suffer from his misdeeds.

The United States Supreme Court has made clear that a petitioner is not entitled to relief based upon the closing argument of a prosecutor, unless that argument so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The standard in *Donnelly* is a very high standard for a defendant to meet.  A prosecutor may not bolster the testimony of a government witness in arguments to the jury. *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir.1997).  "[B]olstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *Id.*

Here, the Solicitor's comments did not constitute impermissible bolstering as the remarks did not suggest that the Solicitor was relying on information outside of the record. Accordingly, Petitioner has not shown that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams v. Taylor*, 529 U.S. 362.   Accordingly, this claim is without merit and is dismissed.[7]

Petitioner filed amended objections to the Respondent's Summary Judgment Motion within which, among other things, he argues that prior to his filing for PCR, two cases were decided in 2005 which set forth new law which "arrived too late to benefit Petitioner during his development of his grounds in the State Court."   (Dkt. # 23 at 3). He cites *State v. Gentry*, 610 S.E.2d 494 (2005), and *State v. Smalls*, 613 S.E.2d 754 (2005).   *Id*.   The court notes that the PCR hearing was held on April 2, 2008, and the PCR court did not rule until August 19, 2008, which belies any argument that Petitioner could not have cited to these two cases in his PCR proceeding.

It is therefore **ORDERED** that Respondent's Summary Judgment Motion (Dkt. #18) is **GRANTED** and the Petition is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard

---

[7]Additionally, Petitioner contends that a portion of the transcript in his case relating to pretrial matters is missing.  He argues that, in light of the missing material, the  state courts clearly erred when stating that the entire record had been reviewed. Petitioner merely speculates that there "may have been some serious structural errors, such as lack of impartiality by the trial judge, that would have been revealed by the missing portion of the transcript and court records."  (Dkt. # 23 at 8). However, a defendant must demonstrate that the missing portion of a transcript specifically prejudices him.  *See United States v. Gillis*, 773 F.2d 549 (4th Cir. 1985).  Moreover, there were not any issues raised in the state courts which necessitated the courts' review of a transcript of a pretrial hearing.  Finally, Petitioner also argues that PCR counsel was ineffective and he should not be blamed for the errors of his PCR counsel even though, as he concedes, ineffective assistance of PCR counsel cannot be a ground for habeas relief.

by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 1, 2012
Greenville, South Carolina